UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| MARCIA PEREIRA, AN INDIVIDUAL )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE ESTATE OF MARIA JOSE OLIVEIRA )<br>    Defendant. ) | C.A. NO. 1:24-cv-12744-MPK |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY GEORGE E. SOUSA, ESQ.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND FED. R. CIV. P. 12(b)(6)**

The Non-Party, George E. Sousa, Esq. ("Attorney Sousa"), hereby moves this Honorable Court to dismiss the Plaintiff, Marcia Pereira, An Individual's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P 12(b)(6).

As grounds, Attorney Sousa states that the Plaintiff has failed to properly effectuate service of process on the Defendant, The Estate of Maria Jose Oliveira (the "Estate"), and therefore dismissal is appropriate. In the alternative, the Court should use its discretion to quash the Plaintiff's service of process on the Estate. Attorney Sousa further states that the Plaintiff fails to state a claim upon which relief can be granted as the Plaintiff's Complaint is barred by the applicable statute of limitations outlined in M.G.L. c. 190B, § 3-803(a). Accordingly, where the service of process is defective and the Plaintiff fails to set forth a plausible entitlement to relief, the Court should dismiss the Plaintiff's Complaint against the Estate.

**I. BACKGROUND**

    **a. Plaintiff's Employment with the Estate**

This action arises out of the Plaintiff's employment with the decedent, Maria Jose Oliveira (the "decedent"), from approximately May 28, 2020 through April 25, 2022. *See* Pl.'s Compl. ¶

11, Exhibit A. The Plaintiff was never employed by the Estate as the Estate was not a legal entity until after the decedent's death on June 24, 2022, which was roughly two months after the Plaintiff stopped working for the decedent. *See* Decree & Order for Complete Settlement, Exhibit B; *see also* Pl.'s Compl. ¶ 11, Exhibit A. Therefore, all allegations set forth in the Plaintiff's Complaint are properly against the decedent as she was the Plaintiff's employer.

The Plaintiff alleges that the decedent failed to pay the Plaintiff the legal minimum wage and appropriate overtime compensation. *See* Pl.'s Compl. ¶ 36, Exhibit A. In particular, the Plaintiff alleges that she was informed by the decedent that she would receive $660 per week as a domestic worker, however, she was only compensated $500 per week while she was employed. *See* Pl.'s Compl. ¶¶ 12, 36, Exhibit A. The Plaintiff states that Attorney Sousa advised the decedent against increasing the Plaintiff's hourly wage. *See* Pl.'s Compl. ¶ 43, Exhibit A. In addition, the Plaintiff alleges that she worked in "hazardous conditions" and was subjected to discriminatory comments by the decedent. *See* Pl.'s Compl. ¶¶ 19-21; 34-35; 46, Exhibit A.

### b. History of the Estate

The decedent died on June 24, 2022. *See* Decree & Order for Complete Settlement, Exhibit B. On September 30, 2022, Attorney Sousa filed a Petition for Formal Probate of a Will and Appointment of a Personal Representative. *See* Petition for Formal Probate, Exhibit C. On March 18, 2024, Attorney Sousa filed a Petition for Order of Complete Settlement and First and Final Account of the Estate. *See* Petition for Order of Complete Settlement, Exhibit D; *see also* First & Final Account, Exhibit E. Thereafter, on that same day, the Middlesex Probate Court issued a Decree and Order for Complete Settlement. *See* Decree & Order for Complete Settlement, Exhibit B. The Decree and Order for Complete Settlement determined the following: (1) the Petitioner is an interested person and has filed a complete and verified Petition; (2) the time limit for

presentation of creditor's claims has expired; (3) any required notices have been given to or waived by all interested persons and any guardian *ad litem* appointed has assented to the Petition and/or the report of the guardian *ad litem* has been considered by the court; and (4) venue is proper. *See* Decree & Order for Complete Settlement, Exhibit B. Therefore, the Estate was closed and fully administered on March 18, 2024.

### c. Procedural Background

On October 29, 2024, the Plaintiff filed an eight-count Complaint against the Estate alleging the following causes of action: (1) violation of M.G.L. c. 149, § 148; (2) violation of M.G.L. c. 151, § 1A; (3) violation of 29 U.S.C. § 201; (4) violation of 18 U.S.C. § 1589; (5) violation of M.G.L. c. 149, § 190; (6) M.G.L. 12, §§ 11H and 11I; (7) breach of contract; and (8) violation of M.G.L. c. 93, § 102. *See generally*, Pl.'s Compl., Exhibit A. On November 19, 2024, the Plaintiff served Attorney Sousa, a non-party to the instant action, with the Summons and Complaint. *See* Aff. of Service, Exhibit F.

## II.   LEGAL STANDARD

"Fed. R. Civ. P. 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process." *Luxottica Grp., S.P.A. v. Lee*, 552 F. Supp. 3d 98, 101 (D. Mass. 2021). "Defendant bears the initial burden of showing service was improper. Once adequately challenged, the burden shifts to plaintiff to show service was proper." *Zurich Am. Ins. Co. v. Paura & Associates Inc.*, No. 22-10058-PBS, 2023 WL 5941959, at *3 (D. Mass. 2023); *see also Rivera-Lopez v. Mun. of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992) (noting "plaintiffs have the burden of proving proper service"). When service of process is insufficient, Federal courts possess "broad discretion to either dismiss a complaint or simply to quash service of process." *Cutler Associates. Inc. v. Palace*

*Constr., LLC*, 132 F. Supp. 3d 191, 194 (D. Mass. 2015).

Furthermore, pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss an action against it based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a plausible entitlement to relief." *Foran v. Stryker Sales Corp.*, No. 10-CV-12187, 2011 WL 652778, *1 (D. Mass. 2011), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). When ruling on a motion to dismiss for failure to state a claim, a district court must ask "whether the complaint 'state[s] a claim to relief that is plausible on its face,' accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Communications Ent. I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014). Moreover, "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (2008).

**III.   ARGUMENT**

    **a. Fed. R. Civ. P. 12(b)(5) Requires Dismissal of the Plaintiff's Complaint for Insufficient Service of Process**

The Court should dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) as the Plaintiff has failed to effectuate service of process on the Estate and there is no reasonable prospect that service can be effectuated on the Estate. "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3rd Cir. 1992); *see also Forward Financing LLC v. Moss Supermarket LLC*, 303 F. Supp. 3d 209, 211 (D. Mass. 2018).

Moreover, an estate is fully administered, and thereby closed, once the fiduciary's final

account of the estate has been allowed by the court. *See Union Market National Bank of Watertown v. Gardiner*, 276 Mass. 490, 495-96 (1931). M.G.L. c. 190B, § 3-1001, outlines the formal proceedings for terminating administration of an estate. In particular, subpart (b) of M.G.L. c. 190B, § 3-1001, specifically discusses the process utilized by the Probate Court to terminate administration of an estate:

> After the time required for any notice has expired, upon proof of notice, and after any hearing that may be necessary, the court may enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate, and, as circumstances require, approving settlement and directing or approving distribution of the estate and discharging the personal representative from further claim or demand of any interested person.

Additionally, subpart (b) of M.G.L. c. 190B, § 3-1001 states that "such discharge shall forever exonerate the personal representative and his sureties from all liability under such decree unless his account is impeached for fraud or manifest error."

The Estate was fully administered, and therefore closed, on March 18, 2024, when the Middlesex Probate Court allowed Attorney Sousa's Petition for Order of Complete Settlement.[1] *See* Decree & Order for Complete Settlement, Exhibit B. Attorney Sousa was discharged from his duties as the Personal Representative of the Estate on March 18, 2024, the date on which the Middlesex Probate Court issued its Decree and Order for Complete Settlement. *See* Decree & Order for Complete Settlement, Exhibit B.

In light of the foregoing, there is no reasonable prospect that service may be effectuated on

---

[1] Under Fed. R. Evid. 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within [the court's] jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F.Supp.3d 441, 450 (D. Mass. 2018); *see also* Fed. R. Evid. 201(b). Judicial notice pursuant to Fed. R. Evid. 201 includes judicial decisions. *See Berrios-Romero v. Estado Libre Asociado de Puerto Rico*, 641 F.3d 24, 27 (1st Cir. 2011) (noting "[a] decision of a sister court is a proper matter of judicial notice"). Moreover, a "court may take judicial notice at any stage of the proceeding[,]" including at the motion to dismiss stage. *See* Fed. R. Evid. 201(d); *see also Piper v. Talbots, Inc.*, 507 F.Supp.3d 339, 343 (D. Mass. 2020) (noting that Fed. R. Evid. 201 is applicable even at the motion to dismiss stage). Therefore, this Honorable Court should take judicial notice pursuant to Fed. R. Evid. 201 of the Decree and Order for Complete Settlement, attached as Exhibit B, issued by Middlesex Probate Court.

the Estate because the Estate has been fully administered, and therefore no longer exists, and Attorney Sousa has been discharged of his duties as the Personal Representative of the Estate. *See Howse v. Zimmer Mfg. Inc.*, 109 F.R.D. 628, 631 (D. Mass. 1986) (noting that it serves no purpose to dismiss a case "unless it is clear that service cannot ever be effectively made"); *see, e.g.*, *Woodlawn Realty Corp. v. Smith-Scott Co.*, 226 F. Supp. 704, 705 (D. Mass. 1964) (allowing defendant's motion to dismiss on the grounds that there could be no service of process effectuated on defendant); *William I Horlick Co. v. Bogue Electric Mfg. Co.*, 140 F. Supp. 514, 515 (D. Mass. 1956) (holding that "if it were now clear that no effectual service could ever be made in this action, it would be proper to dismiss the complaint); *Nichols v. Cowles Magazines, Inc.*, 108 F. Supp. 883, 884 (D. Mass. 1952) (dismissing complaint as plaintiff exhausted all possibilities of making service, and therefore, there was no likelihood that any effectual service could be made). Where the Plaintiff cannot effectuate service of process on the Estate as it has been closed, the Court should use its broad discretion to dismiss the Plaintiff's Complaint.

   **b. In the Alternative, if it is Determined that Service of Process on the Estate Can Be Perfected, the Court Should Quash the Plaintiff's Service of Process**

If the Court determines that service of process can be properly effectuated on the Estate, the Court should convert Attorney Sousa's Motion to Dismiss to a motion to quash, and quash the Plaintiff's service of process. Fed. R. Civ. P. 12(b)(5) permits federal courts to "either dismiss a complaint or simply to quash service of process." *Cutler Associates. Inc. v. Palace Constr., LLC*, 132 F. Supp. 3d at 194. "The dismissal of a complaint is an inappropriate exercise of . . . discretion when there exists a reasonable prospect that service may yet be obtained." *Lott v. KForce, Inc.*, No. 18-12182, 2019 WL 3573154, at *4 (D. Mass. 2019).

If the Court concludes that there is a "reasonable prospect" that the Plaintiff can properly effectuate service on the Estate, the Court should use its broad discretion and quash the Plaintiff's

service of process on the Estate. *See, e.g., Jorge v. Adler*, No. 3:22-CV-30075, 2023 WL 1421595, at *2 (D. Mass. 2023) (treating defendant's motion to dismiss as motion to quash service of process as there were "conceivable means through which Plaintiff could serve Defendant"); *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 329 (D. P.R. 2016) (converting motion to dismiss to motion to quash service of process as initial defects in service of process were curable).

        c. **The Plaintiff Fails to State a Claim Upon Which Relief Can be Granted as the Complaint is Barred by the Applicable Statute of Limitations Set Forth in M.G.L. c. 190B, § 3-803(a)**

The Plaintiff's Complaint against the Estate should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the Plaintiff filed her Complaint against the Estate after the applicable statute of limitations expired. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d at 320. Moreover, under Fed. R. Civ. P. 12(b)(6), a federal court must consider the "complaint, matters of public records, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (2011).

M.G.L. c. 190B, § 3-803(a) outlines the applicable statute of limitations for the Plaintiff's Complaint as follows:

> Except as provided in this chapter, a personal representative shall not be held to answer to an action by a creditor of the deceased **unless such action is commenced within 1 year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such personal representative** or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed with the register.

*See* M.G.L. c. 190B, § 3-803(a) (emphasis added); *see also Rosario v. Waterhouse*, No. 1:19-CV-

10532, 2019 WL 4765082, at *2 (D. Mass. 2019) (noting that litigant "generally may not bring an action against the personal representative of an estate 'unless such action is commenced within 1 year after the date of the death of the deceased'").

In the present case, the allegations in the Plaintiff's Complaint clearly reveal that the action was commenced beyond the time constraints of the statute of limitations outlined in M.G.L. c. 190B, § 3-803(a). The decedent died on June 24, 2022. *See* Decree & Order for Complete Settlement, Exhibit B. In order to comply with the applicable statute of limitations, the Plaintiff was required to commence her action by June of 2023, however, the Plaintiff's Complaint was not filed with the United States District Court for the District of Massachusetts until October 29, 2024. *See* Docket Entry. No. 1. Moreover, the Plaintiff's Complaint was not served on Attorney Sousa until November 19, 2024. *See* Aff. of Service, Exhibit F. As such, the Plaintiff did not commence this action within the one-year limitations period set forth in M.G.L. c. 190B, § 3-803(a), and therefore, the Plaintiff's Complaint should be dismissed. *See, e.g., LaRocca v. Borden*, 276 F.3d 22, 31 (2002) (noting under predecessor statute of limitations, which imposed identical one-year limitations period to M.G.L. c. 190B, § 3-803(a), any claim against estate would have been time-barred by one-year statute of limitations imposed on actions against estates); *see also Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989) (dismissing complaint as it was clear on face of complaint that cause of action was time-barred by applicable statute of limitations); *Perez v. O'Brien*, No. 14-CV-10054, 2017 WL 690997, at *3 (D. Mass. 2017) (concluding plaintiff's complaint was time-barred by applicable statute of limitations where complaint was not filed until almost six years after statute of limitations on claims had run); *Silva v. Cummings*, No. 14-CV-10372, 2014 WL 3513214, at *1 (D. Mass. 2014) (finding that complaint was barred by relevant statute of limitations)

Accordingly, the Court should dismiss the Plaintiff's Complaint as it is barred by the applicable statute of limitations set forth in M.G.L. c. 190B, § 3-803(a).

## IV. CONCLUSION

WHEREFORE, and for the foregoing reasons, Attorney Sousa respectfully requests that this Honorable Court issue an order dismissing the Plaintiff's Complaint against the Estate.

                              NON-PARTY,
                              GEORGE E. SOUSA, ESQ.,
                              BY HIS ATTORNEYS,

DATED: December 19, 2024                 /s/ Matthew H. Greene
                              Matthew H. Greene, Esq. (BBO# 673947)
                              Email: mgreene@boyleshaughnesy.com
                              Boyle│Shaughnessy Law PC
                              88 Broad St., 8th Floor
                              Boston, MA  02110
                              Phone: (617) 451-2000
                              Fax: (617) 451-5775

## **CERTIFICATE OF SERVICE**

      Pursuant to Mass. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, the undersigned, do hereby certify that a copy of the foregoing document has been served via email and/or first-class mail postage pre-paid on all parties or their representatives in this action as listed below this 19th day of December 2024:

**Counsel for Plaintiff**
Olayiwola O. Oduyingbo, Esq.
Maria Cedeno Cassinelli, Esq.
888 Reservoir Avenue, Floor 2
Cranston, RI 03910

☐ Matthew H. Greene, Esq. (BBO# 673947)
*Counsel for Non-party, George E. Sousa, Esq.*

4912-4394-0616, v. 1